UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SONYA HASBERRY,

    Plaintiff,

v.                                              Case No:   6:15-cv-854-Orl-37TBS

ORLANDO HOUSING AUTHORITY,
THELMA MUNGER, BOSTON METRO
HOUSING AUTHORITY, and CHRIS
NORIS,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is pro se Plaintiff Sonya Hasberry's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).   For the reasons that follow, I respectfully recommend that the Court defer ruling on the application, and dismiss Plaintiff's complaint without prejudice, with 21 days leave to amend.

An individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she "is unable to pay such fees or give security therefor."   28 U.S.C. § 1915(a)(1).   However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."   Id. § 1915(e)(2).   If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*.   See Id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   Neitzke v. Williams, 490 U.S. 319, 324

(1989).  But, the Supreme Court has cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.  See Id. at 327.  A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Plaintiff's complaint is a single paragraph, two pages long (Doc. 1).  Attached to the complaint are copies of a handwritten memorandum, typed letter, and Cobb County Sheriff's Office report on which Plaintiff has made notations (Id., at 3-5).  Also attached is a typed statement submitted by Chelsea Police Department Officer Fernando Camacho concerning an encounter he had with Plaintiff at the police department's front desk (Id., at 6).  According to Officer Camacho's report, Plaintiff told him the Boston Metropolitan Housing Authority are criminals who stole her information, hacked her federal aid, and are stealing from the government (Id., at 6).  After reading the complaint, I am satisfied that Plaintiff has these concerns.  But, it is not clear to me what claims she is attempting to make, or why jurisdiction and venue are proper in this Court.

Plaintiff's complaints center on Chris Nores, director of the Boston Metropolitan Housing Authority, who she says is "the leader of the psychopath atheist cult."  (Doc. 1 at 1).  Plaintiff alleges that this cult has defrauded, defamed and harassed her because she is a Christian woman (Id.).  Ultimately she avers that she had to take her two young children and flee to Georgia for the family's safety (Id., at 2).  Plaintiff suspects her phone is being tapped, and that her phone calls are being redirected (Id.). Now, she alleges that

Chris Nores is preventing her from obtaining Section 8 housing in Orlando, Florida (Id., at 4).

Plaintiff's complaint is deficient because it does not allege her claim(s) in a legible, comprehensible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity.   FED. R. CIV. P. 10.   Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief.   See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).   I am unable to discern from Plaintiff's complaint precisely what claim or claims she is attempting to plead.   To the extent Plaintiff has a claim, it appears to be against Chris Nores and the Boston Metropolitan Housing Authroity.   Although Plaintiff also names the Orlando Housing Authority and Thelma Munger I do not find allegations to support any claim against these Defendants.   The complaint also violates FED. R. CIV. P. 8(a) because it does not contain a short and plain statement of the basis of the Court's jurisdiction, Plaintiff's entitlement to relief, or a demand for relief.   FED. R. CIV. P. 8(a).

At this point in the case, I am concerned whether Plaintiff can state a viable claim in this Court.   Because she is pro se, out of an abundance of caution, I **respectfully recommend** that the Court **dismiss** Plaintiff's complaint **without prejudice**, with 21 days leave to amend; and **carry** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the

party from a de novo determination by a district judge and from attacking factual findings on appeal.

      **RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 1, 2015.

                                                        THOMAS B. SMITH
                                                         United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Plaintiff, pro se